FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 NOV 25 PM 1: 15

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.                                    Crim. No. PJM 01-0533

MANUEL HERNANDEZ,

Defendant

## MEMORANDUM OPINION

Manuel Hernandez, currently serving a term of imprisonment of 255 months, seeks to have his sentence reduced pursuant to 18 U.S.C. § 3582(c) based on Amendment 782 to the United States Sentencing Guidelines. The Government agrees that Hernandez is entitled to a reduction, but opposes the extent of the reduction. As the Court now explains, it agrees with the Government, such that Hernandez's Motion will be **GRANTED IN PART** and **DENIED IN PART**.

I.

Hernandez was charged in a single-count Second Superseding Indictment with Conspiracy to Distribute and Possess with Intent to Distribute Five or More Kilograms of Cocaine in violation of 21 U.S.C. § 846. *See* ECF No. 47; Presentence Report ("PSR") ¶ 1. On September 9, 2002, he pled guilty to this count after entering into a written plea agreement. PSR ¶¶ 2-3. Based on the facts and circumstances of Hernandez's criminal conduct, the Probation Office calculated his offense level at 38 and his criminal history at Category I under the Sentencing Guidelines. This resulted in a recommended guideline range of 235 to 293 months imprisonment. PSR ¶¶ 48-59, 62-63, 71. The Court adopted the Probation Office's factual

1

findings and guideline calculations in the PSR, and on August 9, 2004, the Court sentenced Hernandez to 255 months. Statement of Reasons 1; Am. J. Order 1.

## II.

Amendment 782 to the United States Sentencing Guidelines Manual, which became effective November 1, 2014, reduced the base offense level for all drug offenses found in § 2D1.1 of the Sentencing Guidelines. Amendment 782 applies retroactively unless the order reducing the defendant's term of imprisonment has an effective date before November 1, 2015. U.S.S.G. § 1B1.10, Application Note 6 (2015). It applies retroactively in the instant case.

Under 18 U.S.C. § 3582(c), a defendant may file a motion requesting the court to reduce his sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." The court may reduce the defendant's term of imprisonment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2012); *see also United States v. Fennell*, 592 F.3d 506, 510-11 (4th Cir. 2010) ("A sentencing court has discretion to give a reduction based on the revised sentencing range, calculated by any reasonable means, so long as it yields a new sentence congruent with the policy statements of the Guidelines.").

In cases in which the court concludes that a reduction in a defendant's term of imprisonment is warranted, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The court then has the discretion to determine the extent to which the defendant's sentence may be reduced, provided,

2

in general, that the new sentence falls within the amended guideline range.[1] U.S.S.G. § 1B1.10(b)(2). Factors courts may consider when determining the extent of a defendant's reduction within the amended range include the 18 U.S.C. § 3553(a) factors, "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and post-sentencing conduct. U.S.S.G. § 1B1.10, Application Note 1(B).

### III.

Hernandez and the Government agree that he is eligible for relief under 18 U.S.C. § 3582(c) based on Amendment 782 to the Sentencing Guidelines. The parties also agree that, after applying Amendment 782, Hernandez's revised guideline range would be 188 to 235 months. However, the parties disagree with respect to the new sentence the Court should impose within that range.

Hernandez argues that the Court should reduce his sentence from 255 months to 188 months, the low-end of the amended guideline range. Citing U.S.S.G. § 1B1.10(b)(2)(B), he notes that the relevant Sentencing Guidelines policy statements impose no restriction on a court's ability to reduce a defendant's sentence to a term *within* his amended guideline range. He then asserts that a revised sentence at the low-end of the amended guidelines range is appropriate because of the unique circumstances of his personal background and criminal history. In particular, Hernandez highlights his Mexican citizenship and likely deportation following release from imprisonment and his lack of any criminal history prior to the instant offense. He further emphasizes the general policy considerations underlying Amendment 782, and the potential

---

[1] The Guidelines provide an exception to this rule for cases in which the Government moved for a reduction in the defendant's sentence at the original time of sentencing based on his or her substantial assistance to authorities. U.S.S.G. § 1B1.10(b)(2)(B). This exception is not applicable here.

3

savings to taxpayer money if the Court re-sentenced him to 188 months imprisonment, as opposed to 204 months, the Government's recommended sentence.

The Government submits that the Court should reduce Hernandez's sentence to 204 months, a sentence closer to the mid-point of the amended guideline range. The Government explains that, in general, when calculating the extent of a reduction for eligible defendants, a percentage-based methodology should be employed. The Government acknowledges that, although a court need not adhere to one specific method of calculating a sentence reduction, a percentage-based reduction is the most accurate and consistent means by which to calculate a comparable sentence within the amended guidelines range. Thus, Hernandez was originally sentenced to 255 months imprisonment, which is 87 percent of the top of his original guideline range of 235 to 293 months. In consequence, the Government argues that the Court should impose a revised sentence of 204 months imprisonment, which would constitute a comparable 87 percent of the amended guidelines range of 188 to 235 months. The Government notes that the Probation Office, employing the same percentage-based methodology, concurs with the Government and recommends the same revised sentence of 204 months.

The Court agrees with the Government and the Probation Office. Given the circumstances of this case, a percentage-based methodology more accurately reflects the sentence the Court would have imposed had the revised drug offense guidelines been in effect at the time of Hernandez's original sentencing. The Court also notes here that such an approach is consistent with the need to avoid unwarranted sentence disparities among defendants eligible for a reduction who have similar records and have committed similar criminal conduct. *See* 18 U.S.C. § 3553(a)(6). While the Court has considered Hernandez's arguments regarding his criminal history and personal circumstances, those factors do not persuade it to sentence him at

4

the low-end of the revised guidelines range. Similarly, the Court finds that, in this instance, the policy considerations highlighted by Hernandez are outweighed by the Court's recognition of the greater accuracy and consistency of the Government's proposed percentage-based methodology.

For the foregoing reasons, Hernandez's Motion is **GRANTED IN PART** and **DENIED IN PART**. His term of imprisonment will be reduced from 255 to 204 months.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

November 24, 2015